UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NADJA JODA-DEMARTINEZ,**

    Plaintiff,

    v.                                    Case No.:

**G2 SECURE STAFF, LLC,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Nadja Joda-Demartinez** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **G2 Secure Staff, LLC,** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act of 1992, as amended ("FCRA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the ADA, and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the ADA, and the FCRA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant from on or around September 5, 2017, until her unlawful termination on or around August 14, 2023.

13. At the time of her termination, Plaintiff held the title of Office Administrator.

14. Plaintiff is a mixed-race female with Black and Arabic ancestry.

15. Plaintiff was an exemplary employee who was qualified for her position and excelled in her role.

16. As Defendant is aware, Plaintiff has two disabled sons whom she cares for.

17. For the first several years of her employment, Plaintiff's manager allowed Plaintiff to work a flexible schedule to accommodate her needs with regard to disabled children.

18. For example, Plaintiff had previously requested and been granted an accommodation of being allowed a window to arrive to work by 9:30AM, because the Applied Behavior Analysis (ABA) intake for her disabled sons began at 9:00AM.

19. Plaintiff's request was reasonable and did not pose an undue hardship on the business.

20. In or around April 2023, Defendant approached Plaintiff and inquired if she would be interested in transferring to a different vendor at the airport. Plaintiff advised Defendant that she would be interested, so long as Defendant could still accommodate her flexible schedule for her disabled sons.

21. Defendant agreed in writing, but shortly after Plaintiff transferred to a new vendor, Defendant began to discriminate against her due to her association with disabled individuals and began to retaliate against her for her protected activity under the ADA.

22. Less than two months after her transfer, Defendant placed Plaintiff on an unfounded Performance Improvement Plan ("PIP") due to her schedule accommodations.

23. Plaintiff complained to Defendant that she felt the PIP was issued in retaliation to her protected activity under the ADA.

24. Defendant harbored discriminatory animus towards Plaintiff due to her association with disabled individuals.

25. Furthermore, on or around July 26, 2023, Plaintiff engaged in protected activity under Title VII and the FCRA when she made a formal complaint about two of Defendant's Ramp Agents using racial slurs in the workplace.

26. Defendant failed to take appropriate remedial action in response to her complaint.

27. Instead, Defendant terminated Plaintiff's employment on or about August 14, 2023.

28. Defendant explicitly told Plaintiff that she was terminated because her "flexible hours are not working."

29. Defendant refused to return Plaintiff to her prior position which had granted her accommodations for her disabled sons.

30. Defendant failed to properly accommodate Plaintiff or otherwise engage in the interactive process.

31. Defendant chose to retaliate against the Plaintiff for engaging in protected activity under Title VII, the ADA, and the FCRA.

32. Plaintiff was subject to materially adverse employment action by the Defendant for engaging in protected activity under Title VII, the ADA, and the FCRA.

33. Defendant's actions were willful and done with a reckless disregard for the Plaintiff's rights under Title VII, the ADA, and the FCRA.

## COUNT I —ADA VIOLATION
### (DISCRIMINATION BY ASSOCIATION)

34. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff is a member of a protected class under the ADA due to her association with disabled individuals.

36. Plaintiff was subjected to disparate treatment because of her association with disabled individuals.

37. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 (a) A jury trial on all issues so triable;

 (b) That process issues and that this Court take jurisdiction over the case;

 (c) An injunction restraining continued violation of law enumerated herein;

 (d) Compensation for lost wages, benefits, and other remuneration;

 (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 (f) Compensatory damages, including emotional distress, allowable at law;

 (g) Punitive damages;

 (h) Prejudgment interest on all monetary recovery obtained;

 (i) All costs and attorney's fees incurred in prosecuting these claims; and

 (j) For such further relief as the Court deems just and equitable.

## COUNT II — ADA RETALIATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under the ADA due to her association with disabled individuals.

42. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

44. Defendant has taken material adverse action against Plaintiff.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT III — TITLE VII RETALIATION

47. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class under Title VII.

49. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

50. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

51. Defendant has taken material adverse action against Plaintiff.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(l) A jury trial on all issues so triable;

(m) That process issue and that this Court take jurisdiction over the case;

(n) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(o) Compensation for lost wages, benefits, and other remuneration;

(p) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(q) Front pay;

(r) Any other compensatory damages, including emotional distress, allowable at law;

(s) Punitive damages;

(t) Prejudgment interest on all monetary recovery obtained.

(u) All costs and attorney's fees incurred in prosecuting these claims; and

(v) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

54. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

55. Plaintiff is a member of a protected class under the FCRA.

56. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

57. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

58. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 21st day of October 2025.

Respectfully submitted,

*/s/ Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**